UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA D. MALLOY,
     Plaintiff,                    Case No. 2:17-cv-10635-DPH-SDD

v.

WATCHTOWER BIBLE               HON. DENISE PAGE HOOD
AND TRACT SOCIETY,
     Defendant.
_____/

Linda Malloy, in pro per
4132 Green Meadows #211
Ypsilanti, MI 48141
(734) 778-3549
Spacious2u@gmail.com

DAVID R. STECHOW (P56052)
PLUNKETT COONEY
Attorney for Defendant, Watchtower
Bible and Tract Society
150 W. Jefferson, Ste 800
Detroit, MI 48226
(248) 901-4007
dstechow@plunkettcooney.com
_____/

**DEFENDANT WATCHTOWER BIBLE AND TRACT SOCIETY'S
MOTION TO SET ASIDE DEFAULT AND SUPPORTING BRIEF**

**\*\*\* ORAL ARGUMENT REQUESTED \*\*\***

Watchtower Bible and Tract Society of New York, Inc. ("Watchtower"),

by and through its attorneys Plunkett Cooney, and pursuant to Federal Rules

of Civil Procedure  (FRCP) 55(c) and 60(b)(1), (3) and (6)—as well as this

1

Court's inherent powers—hereby moves the Court to set aside the Clerk's Entry of Default dated May 26, 2017.  Doc #12 (Pg ID 1205).

Pursuant to Local Rule 7.1, Defendant certifies that it sought Plaintiff's concurrence with this motion as required by Rule 7.1(a).  A telephonic conference was made on July 26, 2017 with Plaintiff and the requested relief was denied

PLUNKETT COONEY

By:  */s/David R. Stechow*
DAVID R. STECHOW (P56052)
Attorney for Defendant Watchtower
150 W. Jefferson, Ste 800
Detroit, MI 48226
(248) 901-4007
dstechow@plunkettcooney.com

DATED:  August 1, 2017

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA D. MALLOY,
      Plaintiff,                     Case No. 2:17-cv-10635-DPH-SDD

v.

WATCHTOWER BIBLE                 HON. DENISE PAGE HOOD
AND TRACT SOCIETY,
      Defendant.

_____/

Linda Malloy, in pro per
4132 Green Meadows #211
Ypsilanti, MI 48141
(734) 778-3549
Spacious2u@gmail.com

DAVID R. STECHOW (P56052)
PLUNKETT COONEY
Attorney for Defendant, Watchtower
Bible and Tract Society
150 W. Jefferson, Ste 800
Detroit, MI 48226
(248) 901-4007
dstechow@plunkettcooney.com

_____/

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO SET ASIDE DEFAULT**

**\*\*\* ORAL ARGUMENT REQUESTED \*\*\***

Watchtower Bible and Tract Society of New York, Inc. ("Watchtower")

hereby moves the Court to set aside the Clerk's Entry of Default dated May 26,

2017.  Doc #12 (Pg ID 1205).  Pursuant to Local Rule 7.1, Defendant certifies

that it sought Plaintiff's concurrence with this motion as required by Rule

7.1(a).  A telephonic conference was made on July 26, 2017 with Plaintiff and

the requested relief was denied.


PLUNKETT COONEY

By:  */s/David R. Stechow*
     DAVID R. STECHOW (P56052)
     Attorney for Defendant Watchtower
     150 W. Jefferson, Ste 800
     Detroit, MI 48226
     (248) 901-4007
     dstechow@plunkettcooney.com

DATED:  August 1, 2017

2

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................I

INDEX OF AUTHORITIES ..........................................................................I

CONCISE STATEMENT OF THE ISSUES PRESENTED ...................................V

CONTROLLING OR MOST APPROPRIATE AUTHORITY............................ VI

INTRODUCTION – SUMMARY.................................................................. 1

PROCEDURAL FACTS ............................................................................. 1

LEGAL ARGUMENT ............................................................................... 2

    A.    This Court Should Set Aside the Default Because Plaintiff Misrepresented the Facts to Mislead the Clerk of Court.................... 3

        1.    Plaintiff's Attempted Service Was Invalid. .................................. 5

    B.    This Court Should Set Aside The Default Even if Service Had Been Proper (it was not) Because Watchtower's Failure to Answer was the Result of Surprise and Mistake. .................................. 9

        1.    The interests of justice support setting aside the default to permit a challenge to the pleading.......................... 12

            a.    Watchtower has meritorious defenses......................... 14

                i.    Plaintiff's allegations fail to state a claim upon which relief may be granted. ..................... 14

                ii.    Plaintiff's claims are specious, unbelievable, and lack merit................................. 14

                iii.    Most of Plaintiff's assertions are barred by limitations. FRCP 8(c)........................................ 16

                iv.    Plaintiff violates the requirement of FRCP 8(a)(2)........................................................................ 16

                v.    Watchtower denies each of the assertions Plaintiff makes against it......................................... 20

            b.    Plaintiff will not be prejudiced if the default is vacated. .................................................................... 20

CERTIFICATE OF SERVICE

# INDEX OF AUTHORITIES

## Cases

*Adams v. City of Indianapolis,*
  742 F.3d 720 (7th Cir. 2014) .................................................................. 13

*Am. Alliance Ins. Co. v. Eagle Ins. Co.,*
  92 F.3d 57 (2d Cir. 1996) ....................................................................... 11

*Amnay v. Del Labs,*
  117 F. Supp. 2d 283 (E.D.N.Y.) ................................................................ 6

*Ashcroft v. Iqbal,*
  556 U.S. 662; 129 S. Ct. 1937 (2009) ................................................. 13, 17

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544; 127 S. Ct. 1955, 1964-65; 167 L. Ed. 2d 929 (2007) ................. 16

*Boland v. Elite Terrazzo Flooring, Inc.,*
  763 F. Supp. 2d 64 (D.D.C. 2011) ............................................................ 11

*Brock v. Hendershott,*
  840 F.2d 339 (6th Cir. 1992) ................................................................... 12

*Brown v. Harris,*
  53 F.3d 331 (6th Cir. 1995) ..................................................................... 12

*Campbell v. Angela Hospice Home Health Care, Inc.,*
  No. 06-15513, 2007 WL 4571456 (E.D. Mich., Dec. 27, 2007) ........................ 7

*Collins v. Palczewiski,*
  841 F. Supp. 333 (D. Nev. 1993) .............................................................. 14

*Demjanjuk v. Petrovsky,*
  10 F.3d 338 (6th Cir. 1993) ...................................................................... 2

*Etherly v. Rehabitat Systems of Mich.,*
  No. 13-11360, 2013 WL 3946079 (E.D. Mich. July 31, 2013) ...................... 5, 6

*Friedman v. Estate of Jackie Pressure,*
  929 F.2d 1151 (6th Cir. 1991) .................................................................. 12

*Frontier Ins. Co. v. Blaty,*
  545 F.3d 590 (6th Cr. 2006) ...................................................................... 9

*Golden v. National Finance Adjusters,*
  555 F. Supp. 42 (E.D. Mich. 1982) ............................................................. 2

i

*Harper v. ACS-Inc.*,
   No. 10-12112, 2010 WL 4366501, at *3 (E.D. Mich., Oct. 28, 2010) ............ 6, 7

*Hibernia Nat'l Bank v. Administration Central*,
   776 F.2d 1277 (5th Cir. 1985) .................................................................. 21

*Home Port Rentals, Inc. v. Ruben*,
   957 F.2d 126 (4th Cir. 1992) .................................................................... 20

*In re Katrina Canal Breaches Litig.*,
   495 F.3d 191 (5th Cir. 2007) .................................................................... 17

*Johns-Manville Sales Corp. v. Chicago Title & Trust Co.*,
   261 F. Supp. 905 (N.D. Ill. 1966) ............................................................ 19

*King v. Taylor*,
   694 F.3d 650 (6th Cir. 2012) ...................................................................... 4

*Larsen v. Mayo Med. Or.*,
   218 F.3d 863 (8th Cir. 2000) ...................................................................... 5

*LSJ Inv. Co., Inc. v. O.L.D., Inc.*,
   167 F.3d 320 (6th Cir. 1999) ...................................................................... 9

*Moncrief v. Stone*,
   961 F.2d 595 (6th Cir. 1992) ...................................................................... 3

*Montoya v. FedEx Ground Package System, Inc.*,
   614 F.3d 145 (5th Cir. 2010) .................................................................... 17

*Mosley v. Faurecia Auto. Seating, Inc., Inc.*,
   No. 08-10130, 2008 WL 1925051 (E.D. Mich., May 1, 2008) ................................ 6

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
   526 U.S 344 (1999) .................................................................................... 5

*O.J. Distributing, Inc. v. Hornel Brewing Co., Inc.*,
   340 F.2d 345 (6th Cir. 2003) ...................................................................... 6

*Omni Int'l v. Rudolph Wolff and Co., Ltd.*,
   484 U.S. 97 (1987) .................................................................................... 12

*Pearson v. Chung*,
   No. 07-CV-872 (District of Columbia Court of Appeals, 2008) ........................ 13

*Pioneer Investment Services Co. v. Brunswick Associates L.P.*,
   507 U.S. 380 (1993) ............................................................................ 10, 12

*Sandoval v. Bluegrass Regional Mental Health-Mental Retardation Board,*
229 F.3d 1153, No. 99-5018, 2000 WL 1257040, at *5 (6th Cir. 2000) ........... 4

*Shepherd Claims Serv., Inc. v. William Durrah & Assoc.,*
796 F.2d 190 (6th Cir. 1986) ....................................................................3, 21

*Sherwood Forest Neighbors Ass'n v. Town of Becket,*
466 F. Supp. 2d 399 (D. Mass. 2006) ............................................................. 19

*Short v. Tackett,*
100 F.3d 957 (6th Cir. 1996) ......................................................................... 12

*Skilling v. U.S.,*
561 U.S. 358 (2010) ....................................................................................... 19

*St. Germain v. Howard,*
556 F.3d 261 (5th Cir. 2009) ......................................................................... 17

*State Farm Fire & Cas. Co. v. Hamilton Beach/Proctor Silex, Inc.,*
No. 05-74700, 2007 WL 127909 (E.D. Mich., Jan. 11, 2007) ................................ 7

*Thompson v. Am. Home Assur. Co.,*
95 F.3d 429 (6th Cir. 1996) ........................................................................... 11

*U.S. v. $22,050.00 U.S. Currency,*
595 F.3d 318 (6th Cir. 2010) .......................................................................... 10

*U.S. v. One Parcel of Real Prop.,*
763 F.2d 181 (5th Cir. 1985) .......................................................................... 20

*Walker v. Brooke Corp.,*
No. 08-14574, 2009 WL 1689653, at *1 (E.D. Mich., June 17, 2009) ................. 6

*Ward v. Thompson,*
No. 1:13-cv-580, 2015 WL 3948190 (W.D. Mich. 2015) ...................................... 19

**Rules**

Civil Practice Law and Rules § 311 ................................................................. 6

Federal Rules of Civil Procedure 4(b) .............................................................. 6

Federal Rules of Civil Procedure 4(e)(1) .......................................................... 6

Federal Rules of Civil Procedure 4(h) ........................................................... 5, 6

Federal Rules of Civil Procedure 4(h)(1) ....................................................... 6, 7

Federal Rules of Civil Procedure 8(a)(2) ..............................................13, 16, 19

Federal Rules of Civil Procedure 8(c) .............................................................. 16

iii

Federal Rules of Civil Procedure 11 ............................................................. 13

Federal Rules of Civil Procedure 12(b) ...................................................... 11

Federal Rules of Civil Procedure 12(b)(6) ................................................ 17

Federal Rules of Civil Procedure 12(f) ...................................................... 10

Federal Rules of Civil Procedure 55(c) ............................................. 1, 2, 9, 10

Federal Rules of Civil Procedure 60(b) ............................................... 2, 3, 12

Federal Rules of Civil Procedure 60(b)(1) .................................................. 1

Federal Rules of Civil Procedure 60(b)(3) ......................................... 1, 2, 3

Federal Rules of Civil Procedure 60(b)(6) .............................................. 1, 3

## Statutes

18 U.S. C. 1201 ................................................................................................ 16

18 U.S.C. § 1346 ............................................................................................ 16, 19

18 U.S.C. § 2340 ............................................................................................ 16, 19

18 U.S.C. 241 .................................................................................................... 16

42 U.S.C. § 2000e-1(a) .................................................................................... 14

Title IX Educational Amendment of 1972 ............................................... 16, 18

Title VII of the Civil Rights Act of 1964 ................................................... 16, 18

## Miscellaneous

10 A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2682 .. 4

5 C. Wright & A. Miller, Federal Practice and Procedure §1216 (3d ed. 2004) 16

**CONCISE STATEMENT OF THE ISSUES PRESENTED**

Whether this Court ought to set aside the Default against Defendant Watchtower Bible and Tract Society because the Default is premised on Plaintiff's intentional misrepresentation of facts to mislead the Clerk of Court.

Defendant Watchtower Bible and Tract Society says, yes.

If the Court finds service is proper, whether there is good cause to set aside the Default pursuant to the standards and case law interpreting Rule 55(c).

Defendant Watchtower Bible and Tract Society says, yes.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Demjanjuk v. Petrovsky,* 10 F.3d 338 (6th Cir. 1993).

*See O.J. Distributing, Inc. v. Hornel Brewing Co., Inc.,* 340 F.2d 345, 354-55 (6th Cir. 2003).

*Pioneer Investment Services Co. v. Brunswick Associates L.P.,* 507 U.S. 380, 396-97 (1993).

*U.S. v. $22,050.00 U.S. Currency,* 595 F.3d 318, 327 (6th Cir. 2010).

## INTRODUCTION – SUMMARY

This motion is based upon the provisions of Federal Rules of Civil Procedure (FRCP) 55(c) and 60(b)(1), (3) and (6) as well as this Court's inherent powers.  Good cause for setting aside the default exists under FRCP 55(c) and 60(b)(6) because Watchtower has not been properly served and, even if service was valid, Watchtower has not attempted to thwart these proceedings and is ready to defend itself against Plaintiff's claims.  Good cause also exists under Rule 60(b)(3) because Plaintiff misrepresented at least two crucial facts to obtain an improper default.[1]  Alternatively, good cause to set aside the default exists under Rule 60(b)(1) because Watchtower's failure to respond to the Complaint resulted from mistake, inadvertence, or surprise.

## PROCEDURAL FACTS

On May 26, 2017, Deputy Clerk D. Peruski entered two documents.  The first, Doc #12 (Pg ID 1205), entered default against Watchtower for failing to plead or otherwise defend.  The second, Doc #13 (Pg ID 1206), denied default judgment for the reason that "There is no sum certain or a sum that can be

---

[1] As more fully discussed in the Legal Argument section, Plaintiff identified the person she allegedly served as "Angel" and falsely informed the Court that he or she is authorized to accept service of process on behalf of Watchtower. Plaintiff also falsely informed the Court that Watchtower moved from "the 24 Columbia Heights address" to the new address at 90 Sands Street "during the process of delivery to 90 Sands." (Pg ID 1202.)  Watchtower never "moved" to 90 Sands.

made certain by computation by the clerk.  Request for default judgment includes punitive damages."[2]

## LEGAL ARGUMENT

This Court has inherent power to inquire into the integrity of its own judgments and to set them aside when the outcome of a proceeding is the result of fraud.  *Demjanjuk v. Petrovsky,* 10 F.3d 338 (6th Cir. 1993).  Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure acknowledge that power and gives this Court substantial discretion to set aside any proceeding – including the entry of default – for any reason that justifies relief.  One specific justification is an opposing party's misconduct, such as the misrepresentation of facts.  Rule 60(b)(3).

Rule 55(c) only requires the court to find "good cause" before setting aside an entry of default."[3]  Indeed, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the

---

[2] Plaintiff seeks an award of "$4 billion 2.9 million" plus "200.000.00 in property damage."  Doc #9 (Pg ID 450) at ¶ II.3.  She also seeks $3 billion plus "2.9 million in punitive damages."  Doc #9 (Pg ID 451) at ¶ IV. Relief.  Either figure far exceeds Defendant's net worth.

[3] Under this rule, the exercise of discretion entails consideration of three factors:  (1) whether the default was willful, (2) whether a set-aside would prejudice plaintiffs, and (3) whether default has raised a meritorious defense. *Golden v. National Finance Adjusters*, 555 F. Supp. 42 (E.D. Mich. 1982).

moving party to appear and plead.  *Shepherd Claims Serv., Inc. v. William Durrah & Assoc.,* 796 F.2d 190, 193 (6th Cir. 1986) ("[A] strong preference for trials on the merits in federal courts has led to the adoption of a somewhat modified standard of review where defaults are involved.")  Good cause exists in this case under each of those rules to set aside the default entered on May 26, 2017.

A.   This Court Should Set Aside the Default Because Plaintiff Misrepresented the Facts to Mislead the Clerk of Court.

FRCP 60(b) lists the grounds for relief from an order or proceeding, which include "(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; [¶] [¶] . . . or (6) any other reason that justifies relief."  As discussed below, after she failed to comply with the rules regarding service of process,[4] which failure renders service invalid, Plaintiff misrepresented the facts to the Court to obtain a default.  Even assuming the absence of ill motive, a default based upon misrepresentations must be set aside.

A review of this Court's Civil Docket shows that the default was based upon inadequate proof of service.  The Summons issued on March 3, 2017 was addressed "To: Don A. Adams of the Watchtower Bible and Tract Society."  *See*

---

[4] *Pro se* litigants are required to follow the applicable rules in litigating their claims.  *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992).

Doc #4 (Pg ID 441).  Mr. Adams does not live in Brooklyn and is neither a corporate officer nor managing or general agent nor authorized by Watchtower to accept service of process.  *See* Exhibit A (Affidavit of Attorney Crystal Matteson) at ¶¶ 7 and 23.

Further, the original summons was *not* returned to the Court with an executed Return of Service signed by a non-party.  To be sure, the "Return of Service" filed May 24, 2017 is *not* on the original Summons and was signed by the party Plaintiff.  *See* Doc #10 (Pg ID 1202).  That excerpt page from a document was – on its face–inadequate to support the entry of default.  At a minimum, the Court Clerk should have required the Plaintiff to file an affidavit bearing the signature of a non-party process server. [5]

Indeed, "[w]ithout proper service of process, the district court is without jurisdiction to make an entry of default against a defendant." *Sandoval v. Bluegrass Regional Mental Health-Mental Retardation Board,* 229 F.3d 1153, No. 99-5018, 2000 WL 1257040, at *5 (6th Cir. 2000) (unpublished table decision) (citing 10 A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2682); *King v. Taylor,* 694 F.3d 650, 655 (6th Cir. 2012) (explaining that "without proper service of process, consent, waiver, or

---

[5] Only a non-party making personal service can supply the court with a valid affidavit constituting proof of service.  Rule 4(l). The Plaintiff is not authorized to serve a summons and Complaint.  FRCP 4(c)(2).

forfeiture, a court may not exercise personal jurisdiction over a named defendant[,]" and "in the absence of personal jurisdiction, a federal court is powerless to proceed to an adjudication." (internal quotation marks and citations omitted)); *Etherly v. Rehabitat Systems of Mich.,* No. 13-11360, 2013 WL 3946079 (E.D. Mich. July 31, 2013) ("if service of process was not proper, the court must set aside an entry of default.").

A named Defendant "becomes a party officially, and is required to take action in that capacity, only upon [proper] service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S 344, 350 (1999). The default should be set aside.

1. <u>Plaintiff's Attempted Service Was Invalid.</u>

Watchtower is a religious corporation, organized and existing under the laws of the State of New York. [6] Service on a corporation under Rule 4(h) requires personal service. *Larsen v. Mayo Med. Or.,* 218 F.3d 863, 868 (8th Cir. 2000). Therefore, pursuant to FRCP 4(h) Plaintiff was required to deliver suit

---

[6] There are two corporations with similar names that formerly used the address of 25 Columbia Heights, Brooklyn New York as the principle place of business *i.e.,* Watch Tower Bible and Tract Society of Pennsylvania and Watchtower Bible and Tract Society of New York, Inc. Plaintiff does not specify which of those corporations she intended to sue but apparently intended to sue the New York corporation.

papers to "an officer, a managing or general agent, or another agent authorized by appointment or by law to receive service of process."  The rule "does not provide for service of process upon corporations by mail.  *See O.J. Distributing, Inc. v. Hornel Brewing Co., Inc.,* 340 F.2d 345, 354-55 (6th Cir. 2003) (holding that plaintiff did not comply with Rules 4(b) or 4(h) when a receptionist signed for an overnight package containing the summons and complaint at defendant's office).[7]

FRCP 4(e)(1) also permits service on an individual by "following state law" *i.e.,* the rules of either the state where the case is filed (Michigan) or the state where service is made (New York).  Both states require physical delivery of the suit papers to an officer, managing or general agent, or other agent authorized by law to receive service of process.[8]  In New York, CPLR § 311

---

[7] *See also Etherly v. Rehabitat Systems of Michigan,* No. 13-11360, 2013 WL 3946079 (E.D. Mich. 2013) (District Judge Paul Borman found improper service where "someone at Rehabitat acknowledged receipt" of a certified mail package because "Rule 4(h)(1) does not authorize service of process by mail; it requires mailing combined with personal service of the agent."); *Amnay v. Del Labs*, 117 F. Supp. 2d 283, 268-87 (E.D.N.Y.) (holding that Rule 4(h)(1) does not authorize service on corporations by mail);

[8] Courts in the Eastern District of Michigan consistently have held that proper service in Michigan does not include service by mail.  *See Harper v. ACS-Inc.,* No. 10-12112, 2010 WL 4366501, at *3 (E.D. Mich., Oct. 28, 2010); *Walker v. Brooke Corp.,* No. 08-14574, 2009 WL 1689653, at *1 (E.D. Mich., June 17, 2009); *Mosley v. Faurecia Auto. Seating, Inc., Inc.,* No. 08-10130, 2008 WL 1925051 (E.D. Mich., May 1, 2008); and *State Farm Fire & Cas. Co. v. Hamilton*

provides that service upon a domestic corporation shall be made by serving an officer, director, managing or general agent, or cashier or assistant cashier, or any other agent authorized by appointment or by law to receive service. A not-for-profit corporation may also be served pursuant to § 306 or 307 of the not-for-profit corporation law, which allows service upon its registered agent or the New York Secretary of State. Plaintiff did not satisfy any of those provisions.

In her Motion papers, Plaintiff advised the Court that she "served" the Complaint in New York by having "UPS" deliver the original summons and complaint on March 23, 2017 and the amended complaint on April 24, 2017 to someone located at a "dock" at 90 Sands Street, Brooklyn, New York. *See* Doc. #10 (Pg ID 1198, and 1200-1201).[9] She identified that person only as "Angel." *Ibid.* Plaintiff contends that "Angel" is legally authorized by Watchtower to accept process. *See* Doc. #10 (Pg ID 1202). However, Watchtower has no

---

*Beach/Proctor Silex, Inc.,* No. 05-74700, 2007 WL 127909 (E.D. Mich., Jan. 11, 2007).

[9] *See Harper v. ACS-Inc.,* Order by District Judge Lawrence P. Zatkoff dated Oct. 28, 2010 in Case No. 10-12112 explaining that the term "deliver" in Rule 4(h)(1) does not include service by mail, as mail service does not ensure receipt by the officer, director, or registered agent to which it may be addressed. (quoting *Campbell v. Angela Hospice Home Health Care, Inc.,* No. 06-15513, 2007 WL 4571456 (E.D. Mich., Dec. 27, 2007)).

authorized agent named "Angel."  *See* Declaration of Crystal Matteson attached as Exhibit A, at ¶ 19.  And Watchtower has no information about any resident of 90 Sands Street having that name.  *Ibid.* at ¶ 20.

It is noteworthy that Plaintiff also supplied the Court with false "additional information regarding attempted service," contending that "during the process of delivery to 90 Sands" Watchtower "moved from the 24 Columbia [sic] address."  *Ibid.*  That statement has no basis in fact.  Indeed, 90 Sands Street has never been Watchtower's principal place of business.[10]  On the contrary, as shown by documents Watchtower filed with the New York Department of State, only two addresses in New York are proper locations to serve suit papers  *i.e.,* 25 Columbia Heights in Brooklyn  (in 2000) and 100 Watchtower Drive in Patterson (in 2003).  *See* attached Exhibit A (Matteson Affidavit) at ¶ 8 and attachments 2 (New York State Division of Corporations Entity Information), and 3 (Certificate of Amendment).

In sum, Plaintiff has not properly served Watchtower with the summons and complaint because she neither served anyone who held office in 2017 or

---

[10] Watchtower moved out of Brooklyn in 2016 and has sold most of the properties it owned in Brooklyn.  90 Sands Street is a nearly vacant multiple residence building that houses a few members of the Worldwide Religious Order of Special Full Time Servants of Jehovah's Witnesses who care for the property until it can be sold.  None of Watchtower's officers, directors or authorized agents resides at 90 Sands Street.  *See* Exh. A (Matteson Afft.) at ¶¶ 8, 9 and 21.

who is a registered agent in New York or in Michigan.  In derogation of the rules, Plaintiff signed a "Return of Service" that provided the Court with false and/or misleading information that resulted in the entry of default.  Plaintiff has not supplied this Court with a proper proof of service.  The default should be set aside.

B.    This Court Should Set Aside The Default Even if Service Had Been Proper (it was not) Because Watchtower's Failure to Answer was the Result of Surprise and Mistake.

"[I]t is important to distinguish between an entry of default and a default judgment." *Frontier Ins. Co. v. Blaty,* 545 F.3d 590, 595 (6th Cr. 2006). Under Rule 55(c), a District Court should set aside a default upon a showing of "good cause."  Good cause exists because no officer, director or authorized agent of Watchtower has received Plaintiff's suit papers.  Rather, Watchtower's Legal Department received a copy of the original complaint on April 7, 2017 from an unknown source.  Actual knowledge of a lawsuit does not cure a technically defective service of process.  *LSJ Inv. Co., Inc. v. O.L.D., Inc.,* 167 F.3d 320, 322 (6th Cir. 1999).

Even if Plaintiff's delivery of suit papers constituted technical compliance with the rules for service of process, Watchtower's failure to Answer was the result of mistake because an attorney determined that the summons and complaint had not been served properly.  *See* Exhibit A

9

(Matteson Afft.) at ¶¶ 10, 11 and 34.[11]  Watchtower acknowledges that if its in-house counsel misunderstood the law of service of process by pro se plaintiffs, her mistake in thinking that she could wait for Plaintiff to serve Watchtower properly, is, of course, imputed to Watchtower.  *Pioneer Investment Services Co. v. Brunswick Associates L.P.*, 507 U.S. 380, 396-97 (1993).  In that event, counsel's misunderstanding may constitute mistake.

The *Pioneer* court indicated what mistaken conduct would be considered "excusable,"

> The determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include … the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id.,* at 395 (footnote omitted).  A much lower standard applies in the context of Rule 55(c) when a default has not yet ripened into a judgment because "mere negligence or failure to act reasonably is not enough to sustain a default." *U.S. v. $22,050.00 U.S. Currency,* 595 F.3d 318, 327 (6th Cir. 2010).  For

---

[11] Watchtower's in-house counsel was not dilatory.  Upon receipt of the improperly served documents, she began a review of the claims, conducted extensive legal research to determine the legal validity of the claims, and began shopping for defense counsel.  Watchtower desires to file a Rule 12(f) motion to strike the complaint in its entirety because it consists entirely of immaterial, impertinent and scandalous matter that does not constitute any valid claim(s) for relief.

Watchtower to be deemed culpable for the default, it "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings." *Ibid,* quoting *Thompson v. Am. Home Assur. Co.,* 95 F.3d 429, 433 (6th Cir. 1996).

Here, Watchtower's attorney believed – and continues to believe – that Plaintiff had not affected proper service, that an Answer was not due, and that the Court Clerk would logically deny any request for default.  *See* Exhibit A (Matteson Aff.) at ¶ 34.  Watchtower could not have anticipated Plaintiff's inaccurate statements of fact that supported her request for entry of default. The Clerk's entry of default was received while Mrs. Matteson was out of the office and surprised Watchtower.  *Ibid.* at ¶¶ 12-13.  Watchtower is ready to defend.[12]

Watchtower believes default was entered incorrectly, but if it is wrong, then it respectfully asks the Court to vacate the Clerk's entry of default, not enter Default Judgment, and allow Watchtower to file its motions under Rule 12(b) and an Answer now.  Watchtower did not and does not intend to delay these proceedings.  Although Watchtower's Legal Department admittedly had

---

[12] See *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (strong public policy in favor of resolving disputes on the merits); *Boland v. Elite Terrazzo Flooring, Inc.*, 763 F. Supp. 2d 64, 67 (D.D.C. 2011)("modern courts do not favor default judgments").

actual notice of the suit, actual notice is not a substitute for personal service. *Friedman v. Estate of Jackie Pressure,* 929 F.2d 1151, 1154 (6th Cir. 1991) citing *Omni Int'l v. Rudolph Wolff and Co., Ltd.,* 484 U.S. 97, 104 (1987). Watchtower reasonably intended to wait until the Plaintiff met her obligations under the rules of court before challenging the claims and asserting a litany of valid legal defenses.[13]

1.   <u>The interests of justice support setting aside the default to permit a challenge to the pleading.</u>

Even if the Court applies the heightened standard for setting aside an order under FRCP 60(b), the factors identified by the *Pioneer* court favor setting aside the default.  As this court can see, the Plaintiff has presented a Complaint that contains numerous bizarre claims, based upon unsupported conclusory allegations.  It has taken Watchtower's attorneys a long time and much effort to make any sense of the claims.  *See* Exhibit A (Matteson Declaration) at ¶¶ 6 and 11 (noting the "laborious task" involved with this

---

[13] *See Brock v. Hendershott,* 840 F.2d 339, 342-43 (6th Cir. 1992) ("Out of a sense of fairness for other parties who choose counsel and must bear the risk of their attorney's mistakes, the court will afford no special treatment to ordinary civil litigants who proceed *pro se.*"  Indeed, failure of a *pro se* litigant to follow governing court rules is even a proper basis for dismissal.  *Brown v. Harris,* 53 F.3d 331 (6th Cir. 1995) (unpublished); *Short v. Tackett,* 100 F.3d 957 (6th Cir. 1996) (unpublished).

case).  Watchtower acted in good faith and there is no danger of prejudice to Plaintiff.

As this Court acknowledged when denying Plaintiff's request for extraordinary relief, "Plaintiff appears to assert that she is entitled to a total of several billion dollars" in damages.  *See* Doc. #16 (Pg ID 1219), at fn. 1.  This Court also acknowledged that the denied Motion contained allegations similar to the Complaint and offered "only conclusory allegations" unsupported by "any evidence or even detailed allegations" that may "establish that Defendant has engaged in any of the alleged actions against her." *Ibid.*

The amount of work involved with this case was increased by Plaintiff's failure to comply with the requirement of FRCP Rule 8(2) that it contain a short and plain statement of the claim showing that the pleader is entitled to relief.  Indeed, Plaintiff's complaint is anything but short. It is anything but plain.  And most of the "facts" asserted are so outlandish that no reasonable person could possibly believe them.[14]  Additionally, although it is premature to bring a motion for relief under Rule 11, the Court may take note that the Complaint does not comply with the prohibition against bringing claims that

---

[14] *See Ashcroft v. Iqbal*, 556 U.S. 662, 679; 129 S.Ct. 1937 (2009); *Adams v. City of Indianapolis*, 742 F.3d 720, 728-29 (7th Cir. 2014). See also *Pearson v. Chung*, No. 07-CV-872 (District of Columbia Court of Appeals, 2008), where a Washington, D.C. judge sued a dry cleaner for $67 million for losing a pair of his pants.

are not "warranted by existing law . . . ."  Plaintiff should not be allowed to pursue a multi-billion dollar judgment on such specious and baseless claims.

      a.   <u>Watchtower has meritorious defenses.</u>

It is not possible in this motion to set forth all of Watchtower's defenses to Plaintiff's 752-page amended complaint without preparing a voluminous document.  Some of its defenses follow.

      i.   <u>Plaintiff's allegations fail to state a claim upon which relief may be granted.</u>

The claims are largely based upon criminal codes that do not provide for a private right of action.[15]  Plaintiff also relies upon laws that regulate an employer's conduct when Plaintiff was never Defendant's employee.[16]

      ii.   <u>Plaintiff's claims are specious, unbelievable, and lack merit.</u>

For example, she first alleges that Watchtower kidnapped her from London, England, in 1964, and when Queen Elizabeth of England would not

---

[15] *See Collins v. Palczewiski,* 841 F.Supp. 333, 340 (D. Nev. 1993) ["Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions'."]

[16] Additionally, religious corporations like Watchtower are exempt from laws that proscribe employment discrimination.  *See* 42 U.S.C. § 2000e-1(a).  Thus, even if Watchtower had employed Plaintiff (it did not), the claim is not grounded in current law.

meet Watchtower's ransom demand, 17 Watchtower "incised the roof of [her] mouth open" and brought her to the United States where they arranged with the Wayne County General Hospital to switch her with a child born to A. Malloy and B. Malloy.[18]

A few pages later in her complaint, plaintiff asserts that when she took saliva samples to see whether she was the daughter of Albert Malloy, Watchtower "suborned" Identigene, a DNA analysis laboratory, "to fabricate that A. Malloy was 99.9% my father".[19]  Those assertions are implausible.

In the face of these whimsical "facts," Plaintiff does not say who kidnapped her, who cut her mouth, why her mouth was cut, or how or why Queen Elizabeth was involved in a "ransom" bid.  She speculates about Watchtower's involvement with no factual support. Here, and throughout the rest of the lurid tome that she calls a "complaint," she supplies no credible supporting facts to explain any of her spectacular assertions.  She often resorts to twisted numerological explanations to show why she "knows" Watchtower must be to blame for the wrongs she asserts. But the complaint

---

[17] Queen Elizabeth and all her support staff must also have kept silent about the ransom demand, or we would have read about the British investigation of Watchtower's  illegal demand for ransom.

[18] Plaintiff's Amended Complaint (Doc # 9) pg ID 450, ¶ III. (References to Plaintiff's live pleading, her Amended Complaint, are to "Doc #9")

[19] Doc 9, pg 465¶¶ 5 & 6.

contains no facial plausibility and allows the Court to draw only one reasonable conclusion:   Plaintiff has dreamed up claims with no support whatsoever.  Her complaint should be dismissed.

### iii.   Most of Plaintiff's assertions are barred by limitations. FRCP 8(c).

She claims violations of (a) 18 U. S. C. 1201 "kidnapping;" (b) 18 U.S.C. 241 "Conspiracy Against Rights;" (c) 18 U.S.C. 2340 "Torture;" (d) Title VII of the Civil Rights Act of 1964; (e) Title IX Educational Amendment of 1972; and (f) 18 U.S.C. 1346 "Scheme or Artifice to Defraud." (Doc 9 pg 449 ¶ A Basis for Jurisdiction).  As the "facts" pled elucidate, most of the claims are based on acts and/or omissions that she says occurred many years ago.

### iv.   Plaintiff violates the requirement of FRCP 8(a)(2).

FRCP 8(a)(2) provides: "A pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief."  Plaintiff does summarize her claims, but not in conformity with Rule 8(a)(2).  Rather, her complaint rambles, speculates, and provides no credible factual support.  Even interpreting her complaint in a light most favorable to Plaintiff, her pleading barely even raises any suspicions.

Throughout, it contains no factual allegations that rise above the speculative level.[20]

In rambling narratives, Plaintiff summarized four of her six claims:

Her summary of the "Kidnapping" claim is that Watchtower kidnapped her from London, England, in 1964, and brought her to the United States when Queen Elizabeth refused to pay the ransom that Watchtower demanded.[21] She relies upon a provision of the criminal code that is not a proper basis for a civil claim.

Her summary of the "Conspiracy Against Rights" claim is that Watchtower got various men to molest and impregnate her, caused her to have several car accidents, and had Child Protective Services remove her children from her custody (with the collaboration of Judge F. Pitts of Lincoln

---

[20] See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544; 127 S. Ct. 1955, 1964-65; 167 L. Ed. 2d 929 (2007); 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-236 (3d ed. 2004) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."); *St. Germain v. Howard*, 556 F.3d 261, 263 n. 2 (5th Cir. 2009), citing *In re Katrina Canal Breaches Litig*., 495 F.3d 191, 205 (5th Cir. 2007) ("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face."); *Montoya v. FedEx Ground Package System, Inc*., 614 F.3d 145, 148 (5th Cir. 2010), quoting *Ashcroft v. Iqbal*, 556 U.S. 662' 129 S. Ct. 1937, 1940; 173 L. Ed. 2d 868 (2009) ("A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")

[21] Doc 9, pg 450 ¶ III.

Hall, Family Division).[22]  She relies upon a criminal code that does not provide a proper basis for a civil claim.

Her summary of the claim under Title VII of the Civil Rights Act of 1964 is that Watchtower denied her right to "creditable employment" by having "created an ensemble of employers many through temporary agencies to the conspiracy thereby," "devised banks to fraudulent overdraft" her accounts, and "creditors to breach sales contract[s] on promotional sales and increase the payment, State and Federal Agencies to withhold revenue that was granted, Insurance Company to commit fraud," and so on.[23]

Her summary of the claim under Title IX Educational Amendment of 1972 is that Watchtower denied her the opportunity to achieve her educational goals in 1978-1979 by "initiating" her teenage pregnancy, discontinuing her tutoring sessions when she became sick, instructing a school to derail her educational efforts by causing "an obstruction in 1980," in 1987 "contrived a duplicitous scheme with CPS and enervation on the job to terminate [her] education at Michigan Paraprofessional Institute in Romulus, MI," in 1991 "induced a volatile teacher to inhibit [her] completion of the Word Perfect 5.0 course at Highland Park Bright Center," directed other

---

[22] Doc 9 pg 452.

[23] Doc 9, pg 453.

18

teachers to deny her and her children's rights to education, and caused her to suffer another car accident, etc.[24]

The four summaries Plaintiff provided are purely speculative. They are also spectacular and specious.  They do not pass muster under Rule FRCP 8(a)(2).[25]

Another claim that Plaintiff did not summarize involves a "scheme or artifice to defraud."  Plaintiff relies upon a statute (18 U.S.C. § 1346) which contains only the definition of terms used throughout the statutory scheme to define criminal acts.  Because it is merely a definition, it does not provide a proper basis for a civil claim.  *See Skilling v. U.S.,* 561 U.S. 358, 408-09 (2010); *Ward v. Thompson,* No. 1:13-cv-580, 2015 WL 3948190 (W.D. Mich. 2015) (District Judge Janet T. Neff explained that "18 U.S.C. § 1346 is the citation for

---

[24] Doc 9, pg 454.

[25] See *Sherwood Forest Neighbors Ass'n v. Town of Becket*, 466 F. Supp. 2d 399, 401-02 (D. Mass. 2006) where the court struck the complaint because it contained 71 paragraphs that could only be understood by referencing 52 footnotes and an attachment that was a series of 12 affidavits totaling over 100 pages.  Compare this over 700 page tome with dozens of exhibits consisting of hospital records, Social Security Administration notices, notices from employers and the like.  And see *Johns-Manville Sales Corp. v. Chicago Title & Trust Co.*, 261 F. Supp. 905, 908 (N.D. Ill. 1966) where the court struck a complaint that had one count and was 39 pages long with 24 exhibits, most of which were unnecessary.  Here, Plaintiff's amended complaint of six counts is 752 pages and contains scores of extraneous documents.

the definition of "scheme or artifice to defraud."  Because it is just a definition, Plaintiff Ward-El cannot bring a claim under this statute.").

The final claim that Plaintiff does not summarize involves "torture."  The criminal code section she relies upon (18 U.S.C. § 2340) does not provide a proper basis for a civil claim, applies only to acts committed outside the United States, and requires acts committed under the color of law.  The complaint fails to assert sufficient facts to identify who, when, or where any act of torture occurred, much less that the act was committed by someone affiliated with Watchtower.

> v.     Watchtower denies each of the assertions Plaintiff makes against it.

> b.     Plaintiff will not be prejudiced if the default is vacated.

It is not prejudice to require a plaintiff to litigate the merits of a claim as opposed to seeking to collect on a judgment based upon a default judgment.[26] On the contrary, Plaintiff will suffer no prejudice if the Court vacates the Clerk's entry of default because she will lose no evidence or documents,[27] and only a short time has elapsed since the time the Answer could have been filed. This Motion is brought well in advance of the hearing on Plaintiff's Motion for Entry of Default Judgment and Watchtower has not been dilatory.  Even

---

[26] *U.S. v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985).

[27] *Home Port Rentals, Inc. v. Ruben*, 957 F.2d 126, 132 (4th Cir. 1992).

though there has not been proper service, the Legal Department received the original Complaint in the mail on or about April 7, the Amended Complaint was downloaded from the Court's record on or about May 29, 2017, and the Notice of Clerk's Entry of Default was received on or about June 23, 2017. This motion is being filed in July, 2017. Therefore, there has been no unnecessary delay and there would be no prejudice to Plaintiff if the default is vacated.[28] On the contrary, it is an abuse of discretion for a district court to deny a Rule 55(c) motion to set aside a default in the absence of a willful failure of the moving party to appear and plead. *Shepherd Claims Serv., Inc. v. William Durrah & Assoc.,* 796 F.2d 190, 193 (6th Cir. 1986).

WHEREFORE, PREMISES CONSIDERED, Movant, Watchtower Bible and Tract Society of New York, Inc., here moves the Court to set aside the May 26, 2017, Clerk's order in Doc #12, page ID 1205, for default against Watchtower for failing to plead or otherwise defend, and for such other relief to which Movant may show itself entitled.

---

[28] *Hibernia Nat'l Bank v. Administration Central*, 776 F.2d 1277, 1280 (5th Cir. 1985).

PLUNKETT COONEY

By:  */s/David R. Stechow*
      DAVID R. STECHOW (P56052)
      Attorney for Defendant Watchtower
      150 W. Jefferson, Ste 800
      Detroit, MI 48226
      (248) 901-4007
      dstechow@plunkettcooney.com

DATED:  August 1, 2017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA D. MALLOY,
      Plaintiff,                        Case No. 2:17-cv-10635-DPH-SDD
v.
WATCHTOWER BIBLE             HON. DENISE PAGE HOOD
AND TRACT SOCIETY,
      Defendant.
_____/

## NOTICE OF HEARING

TO:   THE ABOVE COUNSEL OF RECORD

      **PLEASE TAKE NOTICE** that the undersigned will present the attached Motion to Set Aside Default to the Honorable Denise Page Hood on a **date to be determined by the Court**.

                           PLUNKETT COONEY

                           By:  */s/David R. Stechow*
                                  DAVID R. STECHOW (P56052)
                                  Attorney for Defendant Watchtower
                                  150 W. Jefferson, Ste 800
                                  Detroit, MI 48226
                                  (248) 901-4007
                                  dstechow@plunkettcooney.com

DATED:  August 1, 2017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA D. MALLOY,
     Plaintiff,                   Case No. 2:17-cv-10635-DPH-SDD

v.

WATCHTOWER BIBLE            HON. DENISE PAGE HOOD
AND TRACT SOCIETY,
     Defendant.
_____/

Linda Malloy, in pro per
4132 Green Meadows #211
Ypsilanti, MI 48141
(734) 778-3549
Spacious2u@gmail.com

DAVID R. STECHOW (P56052)
PLUNKETT COONEY
Attorney for Defendant, Watchtower
Bible and Tract Society
150 W. Jefferson, Ste 800
Detroit, MI 48226
(248) 901-4007
dstechow@plunkettcooney.com
_____/

## CERTIFICATE OF SERVICE

     I hereby certify that on August 1, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, and sent to Plaintiff Linda Malloy by United States Postal Service by sending it to her at her home address:

Linda Malloy
4132 Green Meadows #211
Ypsilanti, MI 48141

PLUNKETT COONEY

By:  */s/David R. Stechow*
    DAVID R. STECHOW (P56052)
    Attorney for Defendant Watchtower
    150 W. Jefferson, Ste 800
    Detroit, MI 48226
    (248) 901-4007
    dstechow@plunkettcooney.com

Open.14405.72339.18844243-1

2