# EXHIBIT A

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

_____/

LINDA D. MALLOY,

       Plaintiff,                     Case No. 2:17-cv-10635-DPH-SDD

v.

WATCHTOWER BIBLE            HON. DENISE PAGE HOOD
AND TRACT SOCIETY,

       Defendant.

_____/

**AFFIDAVIT OF ATTORNEY CRYSTAL MATTESTON IN SUPPORT OF WATCHTOWER'S MOTION TO SET ASIDE DEFAULT**

Crystal Matteson, having been duly sworn, deposes and says:

1. I am over age 18, of sound mind, and have personal knowledge of the facts contained herein. I submit this affidavit in support of Defendant's Motion to Set Aside Default.

2. I am an attorney duly licensed to practice law in the State of New York and work in the Watchtower Legal Department (Legal Department) in Patterson, New York.

3. I have reviewed the records of the Legal Department and believe that it was on or about April 7, 2017 that the Legal Department received a box containing a copy of the original complaint and two original Summonses

1

bearing the Court's raised seal, both addressed to "Don A. Adams of the Watchtower Bible and Tract Society," together with an unbound pile of voluminous pages including the complaint bearing a file-stamp date of February 28, 2017. I was assigned to review the documents and determine how best to respond.

4. I noted that the box was addressed to "Watch Tower Bible and Track Society" at 90 Sands St., Brooklyn NY 11201 1507. Attached as Exhibit 1 is a true and complete copy of the shipping label attached to the box I received.

5. It appeared to me that some unknown person who received the box at 90 Sands Street recognized the legal nature of the documents, wrote "LEGAL" on the box, and forwarded it to the Watchtower Legal Department in Patterson, NY.

6. After I completed my review of the box's content and attempted to make sense of the Plaintiff's claims, I accessed this Court's files through PACER to determine whether there was an Affidavit of Service or other indication that personal service had been attempted on one of Watchtower's corporate agents. At that time I did not know who were appointed to serve as Watchtower's corporate officers and agents but I concluded that as of April 7, 2017, there was no proof of service on file with the court.

2

7. After determining that the Court's files did not contain proof of service, I began an investigation into the facts. Upon inquiry, I was informed and believe that Don A. Adams neither lives at 90 Sands Street, Brooklyn, nor serves as an officer or managing agent of Watchtower Bible and Tract Society of New York, Inc. ("**Watchtower**") On the contrary, I was informed that Mr. Adams had resigned his position as an officer of Watch Tower Bible and Tract Society of Pennsylvania ("**Watch Tower**") more than three years ago and has never been an officer or agent of Watchtower.

8. I was further informed and believe that 90 Sands Street, Brooklyn, NY, is not and has never been the location of either Watch Tower's or Watchtower's headquarters. Rather, a Certificate of Amendment of the Certificate of Incorporation dated December 1, 2000 (a copy of which is attached hereto as Exhibit 2) shows that in 2000 Watchtower's address for service of process was 25 Columbia Heights, Brooklyn, New York. And a Certificate of Change dated June 16, 2003 (a copy of which is attached hereto as Exhibit 3) shows that Watchtower's address for service of process became 100 Watchtower Drive, Patterson, New York. In 2000, Watchtower also filed an Application for Certificate of Authority to Transact Business or Conduct Affairs in Michigan (a copy of which is attached hereto as Exhibit 4), listing 25 Columbia Heights as its main business or headquarters office.

3

Similarly, the headquarters of Watch Tower where its executive officers may be found changed from 25 Columbia Heights to Warwick, New York, in 2016, and its agent for service of process, Philip Brumley, has for many years resided and worked in Putnam County, New York.

9.  Upon inquiry, I was further informed and believe that 90 Sands Street is a nearly-vacant, multiple residence apartment building that is for sale and is not occupied by any officer or managing agent of either corporation.  Rather, the few people who live at 90 Sands are members of the Worldwide Religious Order of Jehovah's Witnesses who make up a skeleton crew that performs housekeeping and maintenance services prior to the final sale of the building.

10. Next I began to research the law as interpreted by the federal courts in Michigan and concluded that the box forwarded to the Legal Department containing the original Complaint and Summons was not served in accordance with rule 4(e)(1) of the Federal Rules of Civil Procedure.  I again checked this Court's records on May 1, 2017 and found no proof of service. Therefore, I concluded that as of May 1, 2017, the time within which Watchtower was required to respond to the Complaint had not begun to run.

11. When I checked the Court's records on May 1, 2017, I observed that an Amended Complaint had been filed.  That document had not been delivered

4

to the Legal Department and I waited for delivery until May 19, 2017. When it had not arrived in the mail, I downloaded a copy and began the laborious task of comparing its 752 pages with the content of the original Complaint. When I accessed the Court's records on May 19, 2017, there was no proof of service on file and I concluded that as of May 19, 2017, the time within which Watchtower was required to respond to the Complaint had not begun to run.

12. I saw no other documents related to this case after May 19 until I left for a scheduled vacation on June 19, 2014. I was scheduled to be out of the country between June 19 and June 27. While I was away, I learned about a death in the family, and arranged for a leave of absence to care for important family business in the State of Iowa. The date on which I was scheduled to return to the office was moved to July 19.

13. When I returned to the office on July 19, 2017, I learned that the Clerk of Court had served Notice of Entry of Default. (Doc #12.) That information shocked me as I had received no information about service on any officer or authorized agent.

14. I immediately accessed the Court's online records and saw that on May 26, 2017 Plaintiff had filed a Request for Clerk's Entry of Default. (Doc # 10.) I had not previously seen that document. It contains an "Affidavit" signed

by the Plaintiff that says service of the summons and complaint was made "at 90 Sands Brooklyn, NY signed by Angel," "Carrier UPS" and "I called WBTS on 5/22/2017 and the receptionist confirmed receipt." (Doc. # 10 Pg ID 1198.) Two supporting documents entitled "Track a Package" indicate documents were delivered on March 23, 2017 and April 24, 2017 to a location described as "dock." (Pg ID 1200.) The receipts do not indicate what documents were in those shipments, but the cost of shipping the second ($11.35) is substantially lower than the cost of shipping the first ($86.47), which makes it appear, based on volume, that whatever Plaintiff shipped later was substantially smaller than what she shipped previously. (Pg ID 1199.) The Legal Department's file does not indicate receipt of a package containing a 752-page Amended Complaint and/or Amended Summons.

15. While reviewing this Court's online records, I also noted Plaintiff's Request for Clerk's Entry of Default Judgment (Doc. # 11), which had been denied, a Motion for Court Entry of Default Judgment (Doc. #17), which had been set for hearing, and an "Amended" Motion for Court Entry of Default Judgment (Doc. #18), which had been set for hearing. I had not seen any of those documents in the Legal Department's file before I left the office on June 19.

16. I noted that the Amended Motion for Entry of Default Judgment is supported by an "Affidavit of Failure to Plead or Otherwise Defend in

6

Support of Application for Entry of Default" (Pg ID 1243), which states that "the Defendant was served with a copy of the summons, together with a copy of Plaintiff's complaint, on 3/23/17-4/24/17." *Ibid.* I noted that the later of those dates preceded the May 2, 2017 filing of the Amended Complaint. I had not seen any of those documents before I left the office on June 19, 2017.

17. I also noted that neither of the Affidavits supplied by Plaintiff in support of her Motions for the Entry of Default Judgment is supported by an Affidavit of Service signed by a nonparty.

18. I noted that the Request for Clerk's Entry of Default (Doc. #10) was supported by a document entitled "Summons and Complaint Return of Service." (Pg ID 1202). The signature line is for the Plaintiff *pro se* and states under penalty of perjury that "I served the summons on (name of individual) Angel, who is designated by law to accept service of process on behalf of (name of organization) The Watchtower Bible and Tract Society on (date) 3/23/207 . . . The Amended Complaint was delivered to the Watchtower Bible and Tract Society on 4/24/207. *Ibid.* I began an investigation to attempt to identify "Angel."

19. Based upon inquiry, I was informed and believe that no one named Angel serves as an officer or authorized agent of Watchtower.

7

20. I was also informed and believe that no one named "Angel" lives at 90 Sands.

21. Based upon inquiry, I am informed and believe that the only person named "Angel" who is in any way associated with Watchtower's activities in Brooklyn, New York is Angel Dennis. Angel Dennis is a construction worker on a crew that handles maintenance on the few remaining Watchtower-owned buildings – buildings in Brooklyn that are for sale. Ms. Dennis lives in a building located about a mile from 90 Sands (the Towers Building). Although it is conceivable that Ms. Dennis may have been on the receiving dock at 90 Sands, she is not an officer, managing or general agent of Watchtower. And she is not authorized by appointment or by law to receive service of process for Watchtower. Further, during a telephonic conversation, Ms. Dennis said that she had never received any package at 90 Sands, nor any large package at all from UPS or otherwise, nor anything that appeared to be meant for the Legal Department, nor anything that appeared to be a lawsuit. I have no idea who "Angel" is whose name appears on Plaintiff's "affidavit."

22. In a subsequent review of records received in the Legal Department during my absence, I noted that Plaintiff mailed her Request for Clerk's Entry of Default, along with a Motion for Temporary Restraining Order and Request

8

for Preliminary Injunction on or about June 5, 2017, to "Watchtower Bible and Tract Society c/o Don Adams, 90 Sands Brooklyn NY 11201." The package containing those documents was forwarded to the Legal Department and appears to have arrived on June 19, 2017 – the same day I left the office for an extended period of time. I did not become aware of those documents until July 19.

23. That package appears to be addressed to the same person to whom Plaintiff directed the summons, albeit at a different mailing address. I know from my review of Watch Tower records that Mr. Adams was once the president of Watch Tower Bible and Tract Society of Pennsylvania, a corporation that handles international interests of Jehovah's Witnesses, but he has never been associated with the Movant sued in this lawsuit. Movant handles only domestic matters and, since 2001, has handled only matters pertaining to real estate ownership, some schools, some publications, and the website www.jw.org. Regardless, I am informed and believe that Mr. Adams is in his 90s and lives in Wallkill, New York. He has neither lived nor worked at 90 Sands and is not authorized to accept service of process on behalf of Watchtower.

24. My review of the Legal Department's files indicates that it was June 23, 2017 when the Legal Department received an Order dated June 9, 2017

9

denying Plaintiff's Motion for a Temporary Restraining Order and Request for Preliminary Preventive Injunction signed by the Court on June 9, 2017. In that same package was a copy of the Clerk's Entry of Default (Doc #12) and Notice of Denial of Request for Clerk's Entry of Default Judgment (Doc #13), both dated May 26, 2017. The mailer containing those documents was also sent to Don Adams, this time to 25 Columbia Heights, a building no longer owned by Watchtower. (Watchtower's 2016 sale of 25 Columbia Heights to Jared Kushner, son-in-law of President Trump, was well-published.)

25. On July 6, 2017 Watchtower received Plaintiff's Motion for Court Entry of Default Judgment. That document bears the date June 26, 2017. It and the supporting documents were sent to 90 Sands.

26. After reviewing all of the documents that were sent by Plaintiff to 90 Sands or 25 Columbia Heights and subsequently forwarded to the Legal Department, I determined that none of Plaintiff's mailings were directed to or received by any officer, manager, or general or authorized agent of Watchtower. They do not comport with FRCP Rules 4(b), (h), or 5(b) governing by whom and how service is to be made. Indeed, Plaintiff herself mailed her "service" and as a party acting *pro se* executed the "return of

service" which is not attached to an original summons or an original amended summons.

27. Nothing in the Legal Department's file suggests that the Plaintiff had a non-party serve her pleadings.

28. Based upon my review of the documents and research of the law, I concluded that Plaintiff has not properly served Watchtower, a domestic corporation, by comporting with either Rule 4(e) (service on an individual) or by following Rule 4(h)(1)(B).

29. Based upon my review of the documents and research of the law, I concluded that Plaintiff did not follow New York State law for serving a summons as allowed by FRCP 4(e)(1). New York's law governing service of process on a domestic corporation is NYCPLR § 311, which provides that personal service upon a domestic corporation shall be made by serving an officer, director, managing or general agent, or cashier or assistant cashier, or any other agent authorized by appointment or by law to receive service. CPLR § 2103 permits service by a process server or other person over 18 years of age *so long as he or she is not a party to the case.* A not-for-profit corporation may also be served pursuant to § 306 or 307 of the not-for-profit corporation law, which allows service upon its registered agent or the New York Secretary of State.

11

30. Based upon my review of all available documents, I concluded that Plaintiff did not deliver a copy of the summons personally (FRCP 4(e)(2)(A)) or leave a copy with someone of suitable age and discretion who resides at an individual party's dwelling or usual place of abode (FRCP 4(e)(2)(B)).

31. Based upon my review of all available documents, I concluded that Plaintiff did not deliver a copy of the suit papers to an agent authorized by appointment or by law to receive service of process (FRCP 4(e)(2)(C)).

32. Based upon my review of all available documents, I concluded that Plaintiff did not comply with FRCP 4(h)(1)(B) by delivering a copy of the summons and complaint to an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

33. Based upon my review of the Plaintiff's Request for Clerk's Entry of Default, I concluded that Plaintiff's supporting Affidavit does not demonstrate compliance with any of the service of process provisions because only a non-party making personal service can supply the court with a valid affidavit constituting proof of service.  FRCP 4(l). The Plaintiff is not a disinterested party authorized by FRCP 4(c)(2) to serve a summons and Complaint and, therefore, is not qualified to supply the Return of Service to the Court.

34. Based upon my review of the law and the documents Plaintiff sent to Watchtower, I believed – and I still believe – that Plaintiff has not served Watchtower and that this lawsuit it should not be allowed to proceed in light of the failure to properly affect service.

Dated this _24th_ day of July, 2017.

_Crystal Matteson_
Crystal Matteson

STATE OF NEW YORK

COUNTY OF PUTNAM

Subscribed and sworn to before me his _24_ day of July, 2017, by Crystal Matteson, whom I know personally.

_Erin Green_
Notary Public, State of New York
My commission expires: _12/22/2018_

ERIN GREEN
NOTARY PUBLIC-STATE OF NEW YORK
No. 01GR6316836
Qualified in Putnam County
My Commission Expires December 22, 2018

13