WellUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA D. MALLOY,

    Plaintiff,

v.

WATCHTOWER BIBLE
AND TRACT SOCIETY,

    Defendant.
_____/

Case No. 17-10635

HON. DENISE PAGE HOOD

**ORDER DENYING PLAINTIFF'S MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER [Dkt. No. 22]**

This matter is before the Court on *pro se* Plaintiff's Motion For Emergency Temporary Restraining Order (the "Motion") (Docket #22), wherein Plaintiff asks the Court to enjoin Defendant from "continu[ing] to infringe upon the Plaintiff's rights," *id.* at PgID 1339, and "immobiliz[ing] or caus[ing] detrimental physical impairment in retaliation to restrict the Plaintiff's presence on the court date." *Id.* at 1356. For the reasons stated below, the Motion is denied.

## I. LEGAL STANDARD

A court is to consider the following four factors in determining whether a plaintiff is entitled to a temporary restraining order or other preliminary injunctive relief:

    (1)    whether the movant has shown a strong or substantial likelihood or probability of success on the merits;

    (2)    whether the movant has shown that he or she would suffer irreparable harm if the preliminary relief is not issued;

(3) whether the issuance of a preliminary injunction will not cause substantial harm to third parties; and

(4) whether the public interest would be served by the issuance of a preliminary injunction.

*Sandison v. Michigan High School Athletic Association, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995); *UASCO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 98 (6th Cir. 1982); *Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). The standard for preliminary injunction is not a rigid and comprehensive test, and the four factors are to be balanced, not prerequisites that must be satisfied, but instead "these factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements." *In re Eagle-Picher Indus., Inc.* 963 F.2d 855, 859 (6th Cir. 1992).

## II. FINDINGS OF THE COURT

The Court has reviewed the Plaintiff's Motion, which consists of 22 pages of text and 23 pages of exhibits and pictures. Plaintiff sets forth a great deal of information or background regarding events she believes Defendant directed and controlled and she engages in a limited, conclusory analysis of the four injunctive factors set forth in Section I.

The basis of Plaintiff's complaint is alleged actions of Defendant made in response to her desire to appeal the Court's denial of a previous motion for temporary restraining order and preliminary injunction. Dkt. No. 16. Plaintiff contends Defendant coordinated or caused a car to ram into Plaintiff's car, for which Plaintiff sought to obtain a personal protection order from Pittsfield Township and Washtenaw

2

County. Dkt. No. 22, PgID 1340-41. Plaintiff suggests that Defendant interfered with the receipt of a credit card from Kohl's department store, a prescription (or multiple prescriptions) from CVS, and a check, often by actions associated with the U.S. Postal Service. *Id.* at PgID 1342-45. Plaintiff asserts, without any factual support or evidence, that "Defendant initiated 6 car accidents, with meaning behind them all, as they attempted to murder the Plaintiff" and offered a narrative about each of them. *Id.* at 1345-51. Plaintiff makes additional assertions in her Motion, *id*. at 1351-55, some of which she made in her previous motion for injunctive relief. Dkt. No. 15.

The Court finds that Plaintiff has not satisfied her burden. Plaintiff has not demonstrated that she is likely to prevail on the merits of the relief she is seeking in the Motion. Her allegations in the Motion are similar in some respects to the underlying allegations set forth in her Complaint,[1] for which a clerk's entry of default was entered on Plaintiff's behalf two months before she filed the Motion and for which a default judgment hearing is scheduled on August 30, 2017, and those set forth in her prior Motion (Dkt. No. 15).

---

[1] Plaintiff's Complaint is a several hundred page document, as is her Amended Complaint. [Dkt. Nos. 1, 9] In her motion for default judgment, Plaintiff appears to assert that she is entitled to a total of several billion dollars ("$4,000,000,000" and "2.4000,000") for "kidnapping in infancy and as a young adult, separated from parent, family and country for 53 yrs.[,] unlawfully took my children and had adopted, arranged (5) sexual aggravated offenses including statutory, mutilated and dismembered, denied education for self and children, denied legitimate employment for 38 yrs, orchestrated (5) car accidents to injure-causing multiple injuries, defamation of character, physical and mental torture for 16 yrs, physical abuse for 49 yrs, monopolized and defrauded of revenue, secretively implanted the Nkultra Military Device, forged identity, inundated compulsive conceptions, attempts of murder, inventions of criminal and[d] psychological incidents, 30 yrs. of destruction of property, innumerable irreversible damages and 53 yrs in a conspiracy that denies liberty and justice and coerces slavery." [Dkt. No. 11] Prior to the Motion, Plaintiff did not seem to seek injunctive relief for the alleged conduct of Defendant.

With respect to the instant Motion, although Plaintiff has given detail regarding a number of car accidents and other events, Plaintiff has offered only conclusory allegations that <u>Defendant</u> was somehow involved . She has not offered any evidence or even detailed allegations how Defendant: (1) caused the automobile accidents; (2) obstructed her ability to get a PPO; (3) interfered with her ability to get a credit card from Kohl's; (4) stopped a CVS pharmacist from issuing medication to her; (5) had a medical device implanted – or not removed – from her body; (6) cut her hair; or (7) damaged items in her apartment. The Court finds that Plaintiff has failed to establish a likelihood that she will establish that Defendant has engaged in any of the alleged actions against her. Although Plaintiff's allegations may serve as a basis for a finding of irreparable harm if they are supported, the absence of any support precludes such a finding by the Court. Plaintiff also fails to address the issue of posting security, which is required by Federal Rule of Civil Procedure 65(c).

Because Plaintiff has not offered support that could establish the right to the injunctive relief requested in the Motion, the Court finds it unnecessary to schedule a hearing at which Defendant could be heard with respect to Plaintiff's request. The Court concludes that the Motion must be denied.

### III. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion For Emergency Temporary Restraining Order (Docket #22) is DENIED.

IT IS FURTHER ORDERED that no hearing will be scheduled regarding the Motion.

IT IS SO ORDERED.

                              S/Denise Page Hood
                              Denise Page Hood
                              Chief Judge, United States District Court

Dated: August 17, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 17, 2017, by electronic and/or ordinary mail.

                              S/LaShawn R. Saulsberry
                              Case Manager