UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA D. MALLOY,

    Plaintiff,

                                              Case No. 17-10635

v.

                                              HON. DENISE PAGE HOOD

WATCHTOWER BIBLE
AND TRACT SOCIETY,

    Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO
SET ASIDE DEFAULT [Dkt. No. 21] and DENYING AS MOOT
PLAINTIFF'S MOTION AND AMENDED MOTIONS FOR
DEFAULT JUDGMENT [Dkt. No. 18 and 19]**

**I.    INTRODUCTION**

*Pro se* Plaintiff filed this cause of action on February 28, 2017. On May 2, 2017, Plaintiff filed an Amended Complaint. On May 26, 2017, the Clerk of the Court filed a Clerk's Entry of Default against Defendant for failing to plead or otherwise defend this cause of action – with respect to the original Complaint. Dkt. No. 12. On the same day, the Clerk of the Court denied Plaintiff's request for entry of default judgment because there was no sum certain requested. Dkt. No. 13. On June 26 and 28, 2017, Plaintiff filed a Motion for Default Judgment and an Amended Motion for Default Judgment, respectively. Dkt. Nos. 17 and 18.

1

On August 1, 2017, Defendant filed a Motion to Set Aside Default Judgment (the "Motion to Set Aside"). Dkt. No. 21. The Motion to Set Aside has been fully briefed. On August 30, 2017, the Court held a hearing on the Motion to Set Aside and the Motion for Default Judgment. For the reasons that follow, the Court grants the Motion to Set Aside and denies as moot the Motion for Default Judgment.

## II.   BACKGROUND

The Motion to Set Aside turns on whether Defendant was properly served. Defendant is a religious corporation, organized and existing under the laws of the State of New York.

## III.   ANALYSIS

### A.   Legal Standard

Pursuant to Federal Rules of Civil Procedure 55(c), an entry of default may be set aside only upon the showing of: (1) mistake, inadvertence, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of the adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from judgment. *See also Burrell v. Henderson*, 434 F.3d 826 (6th Cir. 2006); *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839 (6th Cir. 1983).

As set forth in *United Coin*, the Court also must determine that good cause

exists for setting aside default judgment by assessing whether: (a) the plaintiff will be prejudiced; (c) the defendant has a meritorious defense; and (c) culpable conduct of the defendant led to the default. *Id.* at 845; *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986). As the entry of default is a harsh sanction, "[a]ny doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits. *United Coin*, 705 F.2d at 846; *Shepard*, 796 F.2d 193 (there is a strong preference for deciding cases on the merit rather than by default).

**B.     Analysis**

"Without proper service of process, the district court is without jurisdiction to make an entry of default against a defendant." *Sandoval v. Bluegrass Regional Mental Health-Mental Retardation Board*, 229 F.3d 1153, No. 99-5018, 2000WL 1257040, at *5 (6th Cir. 2000) (TABLE) (citing 10 A. Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2682); *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) (explaining that "without proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant[,]" and "in the absence of personal jurisdiction, a federal court is powerless to proceed to an adjudication." (internal quotation marks and citations omitted)); *Etherly v. Rehabitat Systems of Mich.*, No. 13-11360, 2013 WL 3946079 (E.D. Mich. July 31, 2013) ("if

service of process was not proper, the court must set aside an entry of default."). A named defendant "becomes a party officially, and is required to take action in that capacity, only upon [proper] service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S 344, 350 (1999).

The default should be set aside. First, only a non-party making personal service can supply the court with a valid affidavit constituting proof of service. Rule 4(l). Plaintiff, as a party to this cause of action, was not authorized to serve a summons and Complaint. FRCP 4(c)(2).

Second, Plaintiff failed to properly serve the summons and Complaint on Defendant (a corporation) pursuant to Rule 4(h), which requires personal service on "an officer, a managing agent or general agent, or another agent authorized by appointment or by law to receive service of process." The rule does not provide for service of process upon corporations by mail. *O.J. Distributing, Inc. v. Hornel Brewing Co., Inc.*, 340 F.2d 345, 354-55 (6th Cir. 2003) (having a receptionist sign for an overnight package is not sufficient under Rules 4(b) and (h); *Larsen v. Mayo Med. Or.*, 218 F.3d 863, 868 (8th Cir. 2000). *Etherly v. Rehabitat Systems of Michigan*, No. 13-11360, 2013 WL 3946079 (E.D. Mich. 2013) (improper service where "someone at Rehabitat acknowledged receipt" of a certified mail package

4

because "Rule 4(h)(1) does not authorize service of process by mail; it requires mailing combined with personal service of the agent."); *Amnay v. Del Labs*, 117 F. Supp. 2d 283, 268-87 (E.D.N.Y.) (holding that Rule 4(h)(1) does not authorize service on corporations by mail).

Third, Plaintiff did not serve Defendant in compliance with the state law of Michigan or New York, even though FRCP 4(e)(1) permits service on an individual by "following state law" i.e., the rules of either the state where the case is filed (Michigan) or the state where service is made (New York).[1] Both states require physical delivery of the suit papers to an officer, managing or general agent, or other agent authorized by law to receive service of process.[2]

---

[1] Plaintiff must make service on Defendant (a corporation) in compliance with Federal Rule of Civil Procedure 4, including Rule 4(h).

[2] In New York, CPLR § 311 provides that service upon a domestic corporation shall be made by serving an officer, director, managing or general agent, or cashier or assistant cashier, or any other agent authorized by appointment or by law to receive service. A not-for-profit corporation may also be served pursuant to § 306 or 307 of the not-for-profit corporation law, which allows service upon its registered agent or the New York Secretary of State. Plaintiff did not satisfy any of those provisions.

Courts in the Eastern District of Michigan consistently have held that proper service in Michigan does not include service by mail. *See Harper v. ACS-Inc.*, No. 10-12112, 2010 WL 4366501, at *3 (E.D. Mich., Oct. 28, 2010); Walker v. Brooke Corp., No. 08-14574, 2009 WL 1689653, at *1 (E.D. Mich., June 17, 2009); *Mosley v. Faurecia Auto. Seating, Inc.*, No. 08-10130, 2008 WL 1925051 (E.D. Mich., May 1, 2008); and *State Farm Fire & Cas. Co. v. Hamilton Beach/Proctor Silex, Inc.*, No. 05-74700, 2007 WL 127909 (E.D. Mich., Jan. 11,

Fourth, in her Motion papers, Plaintiff advised the Court that she "served" the Complaint in New York by having "UPS" deliver the original summons and complaint on March 23, 2017 and the amended complaint on April 24, 2017 to someone located at a "dock" at 90 Sands Street, Brooklyn, New York. *See* Dkt. No. 10, at Pg ID 1198, 1200-01. She identified that person only as "Angel." *Id*. Plaintiff contends that "Angel" is legally authorized by Defendant to accept process, but Defendant has no authorized agent named "Angel" or any resident at 90 Sands Street with that name. Dkt. No. 21, Ex. A at ¶¶ 19, 20.

Having found that Plaintiff did not properly serve Defendant, the Court concludes that it does not have the authority to enter a default or judgment against Defendant. As the Sixth Circuit has held, "without proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *Wells v. Rhodes*, 592 F. App'x 373, 377 (6th Cir. 2014) (quoting *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012)). As recently stated by another judge in Eastern District of Michigan:

> When evaluating either a motion to set aside a proper entry of default or a default judgment, the court considers three factors: 1) whether the default was the result of the defendant's willful or culpable conduct; 2) whether the plaintiff would be prejudiced if the default is set aside; and

2007).

> 3) whether the defendant asserts any meritorious defenses to the claims. *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir. 1989).
>
> "However, these three factors only require consideration when service of process is properly effected because without proper service the court has no jurisdiction to take any action over the defendant, including entering a default." *Adams v. Wilmington Finance/AIG*, 2012 U.S. Dist. LEXIS 98525, 2012 WL 2905918 at * 1 (E.D. Mich. 2012). "In other words, until a party has been properly served, the Court cannot take action against that party, including entering a default or judgment by default against that party." *Harper v. ACS-INC.*, 2010 U.S. Dist. LEXIS 114760, 2010 WL 4366501 at * 3 (E.D. Mich. 2010). Accordingly, "if service of process was not proper, the court must set aside an entry of default." *O.J. Dist., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003).

*Green v. City of Southfield*, No. 15-13479, 2016 U.S. Dist. LEXIS 208936, at **5-6 (E.D. Mich. Feb. 22, 2016) (Cox, J.).

In *United States v. Plesco*, No. 97-74042, 2012 U.S. Dist. LEXIS 71005, at *2 (E.D. Mich. May 22, 2012), the court adopted a report and recommendation ("R&R") to vacate a default judgment for improper service of process, explaining that "the R&R accurately articulates the law and presents a well-reasoned, persuasive analysis of the application of governing law to the facts of this case." As stated in the R&R:

> As an initial matter, "if service was improper, the default judgment is void and must be vacated" pursuant to Fed. R. Civ. P. 60(b)(4). *United States v. Murphy*, No. 99-1436, 2007 U.S. Dist. LEXIS 78020, at *5 (E.D.N.Y. Sept. 28, 2007). Indeed,
>
>> The Sixth Circuit requires that a court set aside a default judgment if service of process was not proper. *See Jalapeno Prop. Mgmt.,*

> *L.L.C. v. Dukas*, 265 F.3d 506, 515 (6th Cir. 2001) (stating that "if the underlying judgment is void, it is a per se abuse of discretion for a court to deny a movant's motion to vacate the judgment under Rule 60(b)(4)") (internal citations omitted) (emphasis in the original). Therefore, if service of process is not proper, the judgment is void, and the court must set aside Defendant's default judgment. *See United Student Aid Funds, Inc. v. Espinosa*, 130 S.Ct. 1367, 1376-77, 176 L.Ed.2d 158 (2010).

*Plesco*, 2012 U.S. Dist. LEXIS 71020, at *11-12 (collecting multiple Sixth Circuit and United States District Court cases within the Sixth Circuit holding the same). Although *Plesco* involved a default judgment, the same rationale applies with respect to an entry of default.

For all of the reasons stated above, the Court holds that Plaintiff failed to properly serve Defendant. The Court grants Defendant's Motion to Set Aside Default Judgment.

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that Defendant's Motion to Set Aside Default Judgment [Dkt. No. 21] is **GRANTED**.

IT IS FURTHER ORDERED that the Clerk of the Court shall **VACATE** the Clerk's Entry of Default [Dkt. No. 12].

IT IS FURTHER ORDERED that Plaintiff's Motion for Default Judgment and Amended Motion for Default Judgment [Dkt. Nos. 17 and 18] are **DENIED AS**

**MOOT**.

IT IS FURTHER ORDERED that, within seven (7) days of the date of this Order, Defendant's counsel shall file with the Court the name and address of an agent of Defendant upon whom Plaintiff can properly serve Defendant.

IT IS ORDERED.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: August 30, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 30, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager