UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA D. MALLOY,

    Plaintiff,

v.

WATCHTOWER BIBLE
AND TRACT SOCIETY,

    Defendant.
_____/

Case No. 17-10635

HON. DENISE PAGE HOOD

## ORDER GRANTING MOTION TO DISMISS [#34]

**I.    INTRODUCTION**

In response to Plaintiff's Amended Complaint, Defendant filed a Motion to Dismiss on October 10, 2017. Dkt. No. 34. Plaintiff has filed a response, and the Court held a hearing on the Motion to Dismiss on December 20, 2017. For the reasons that follow, the Court grants Defendant's Motion to Dismiss.

**II.    STATEMENT OF FACTS**

On February 28, 2017, Plaintiff filed a Complaint in this Court against Defendant, a religious organization also known as the "Jehovah Witnesses." On May 2, 2017, Plaintiff filed an Amended Complaint. A clerk's entry of default was entered on May 24, 2017, but it was set aside on August 30, 2017 due to improper service.

After acceptance of service of the Amended Complaint, Defendant filed the instant Motion to Dismiss.

Plaintiff's Amended Complaint consists of 752 pages (her initial complaint was 174 pages). Plaintiff asserts six claims in her Amended Complaint, one count based on an alleged violation of each of the following federal laws: (1) 18 U.S.C. § 1201; (2) 18 U.S.C. §241; (3) Title VII (42 U.S.C. § 2000e(b)); (4) 18 U.S.C. § 1346; (5) 18 U.S.C. § 2340A; and (6) Title IX of the Educational Amendments of 1972. Plaintiff's claims stem from a number of alleged actions by Defendant that harmed Plaintiff, including:

> [K]idnapping in infancy and as a young adult, [being] separated from parent, family and country for 53 yrs.[,] [Defendant] unlawfully took my children and had adopted, arranged (5) sexual aggravated offenses including statutory, mutilated and dismembered, denied education for self and children, denied legitimate employment for 38 yrs, orchestrated (5) car accidents to injure-causing multiple injuries, defamation of character, physical and mental torture for 16 yrs, physical abuse for 49 yrs, monopolized and defrauded of revenue, secretively implanted the Nkultra Military Device, forged identity, inundated compulsive conceptions, attempts of murder, inventions of criminal an[d] psychological incidents, 30 yrs. of destruction of property, innumerable irreversible damages and 53 yrs in a conspiracy that denies liberty and justice and coerces slavery.

*See* Dkt. No. 11, PgID 1204.

### III.  APPLICABLE LAW & ANALYSIS

**A.  Personal Jurisdiction - Rule 12(b)(2)**

1. *The Law*

When a defendant files a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of establishing that personal jurisdiction over the defendant exists. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002); *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). In addressing a motion to dismiss for lack of personal jurisdiction, the Court may, in its discretion: (1) conduct an evidentiary hearing to resolve any factual issues, (2) proceed to discovery, or (3) decide the issue based on the pleadings and affidavits alone. *McCluskey v. Belford High Sch.*, 795 F.Supp.2d 608, 615 (E.D.Mich. 2010) (citing *Serras v. First Tenn. Bank Nat. Assn.*, 875 F.2d 1212, 1214 (6th Cir. 1989) (the court may conduct an evidentiary hearing or allow discovery if the written submissions raise disputed issues of fact or seem to require determinations of credibility)).

When the Court does not conduct an evidentiary hearing, it must consider the pleadings and affidavits in the light most favorable to the plaintiff. *Lifestyle Lift Holding Co., Inc. v. Prendiville*, 768 F.Supp.2d 929, 932 (E.D. Mich. 2011). "In this circumstance, the plaintiff must make a prima facie showing of jurisdiction; the court does not consider the controverting assertions of the party moving for dismissal." *Id*. In a diversity case, the plaintiff has established a prima facie case when it shows that

the federal court's exercise of personal jurisdiction over the defendants is authorized by both the law of the forum state and the Due Process Clause of the Fourteenth Amendment. *Neogen Corp.*, 282 F.3d at 888.

A federal district court applies the jurisdictional statute, or long-arm statute, of the state in which it sits. *See, e.g., Amway Corp. v. Kope Food Products, Inc.*, 840 F.Supp. 78, 80 (W.D. Mich. 1993). Michigan's long-arm statute allows Michigan courts to exercise jurisdiction to the full extent allowed by the federal due process requirements. *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992). In order for a Michigan court's exercise of jurisdiction over a defendant to be consistent with due process, a plaintiff must show that the defendant had "certain minimum contacts with [Michigan] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *LAK, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293, 1299 (6th Cir. 1989) (quoting *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945)).

Personal jurisdiction exists in two forms: "general" or "specific." *Bird v. Parsons*, 289 F.3d 865, 873 (6th Cir. 2002). General jurisdiction exists over a defendant when his "contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Id*. (citing

4

*Third Nat'l Bank in Nashville v. WEDGE Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989)). Plaintiff asserts that the Court has specific personal jurisdiction over Defendant. Specific personal jurisdiction in Michigan is governed by MCL § 600.715, which states, in pertinent part:

> The existence of any of the following relationships between a corporation or its agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such corporation and to enable such courts to render personal judgments against such corporation arising out of the act or acts which create any of the following relationships:
>
> (1) The transaction of any business within the state . . .

The transaction of any business necessary for limited personal jurisdiction under MCL § 600.715(1) <u>may</u> be established by the slightest act of business in Michigan. *Lanier v. Am. Bd. of Endodontics*, 843 F.2d 901, 906 (6th Cir. 1998). At a minimum, specific jurisdiction requires that a defendant purposefully establish minimum contacts within Michigan such that the defendant should reasonably anticipate being haled into court here. *LAK, Inc.*, 885 F.2d at 1300 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). The requirement is satisfied where the defendant "purposefully avail[s] [it]self of the privilege of acting in the forum state or causing a consequence in the forum state." *Beydoun v. Wataniya Restaurants Holding, Q.S.C.*, 768 F.3d 499, 505 (6th Cir. 2014) (quoting *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

The Court may exercise specific personal jurisdiction over Defendant if Defendant's contacts with Michigan satisfy the three-part test established by the Sixth Circuit in *Southern Machine*:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Third, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Southern Machine*, 401 F.2d at 381. In determining whether a party "purposefully availed" itself of the privilege of acting in the forum state, courts must determine whether the party established minimum contacts with the forum state. *Id.* Jurisdiction is proper where the contacts proximately result from the actions of the defendant, which create a substantial connection with the forum state. *Conti v. Pneumatic Prods. Corp.*, 977 F.2d 978, 982 (6th Cir. 1992).

2. *Analysis*

The Court finds that it has personal jurisdiction over Defendant. Defendant, like many religious organizations, maintains a presence in the State of Michigan, including in the Eastern District of Michigan. Defendant conducts religious services at Kingdom Halls of Jehovah Witnesses (such as the one Plaintiff describes in Dearborn, Michigan and the one Defendant formerly utilized on Plymouth Road in Detroit, Michigan).

The Court finds that it has general jurisdiction over Defendant because its "contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Bird*, 389 F.3d at 873 (citation omitted). The Court also finds that Defendant has purposefully availed itself of the privilege of acting in Michigan (and causing a consequence here). Plaintiff has alleged that her harm stems from Defendant's activities in Michigan and those activities have a substantial enough connection with Michigan to make the exercise of jurisdiction over Defendant reasonable. *Neogen*, 282 F.3d at 890.

Defendant's Motion to Dismiss for lack of personal jurisdiction is denied.

**B.** **Failure to State a Claim Upon which Relief can be Granted - Rule 12(b)(6)**

*1.* *The Law*

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. Accepting all factual allegations as true, the court will review the complaint in the light most favorable to the plaintiff. *Eidson v. Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). As a general rule, to survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must demonstrate more than a sheer possibility that the

defendant's conduct was unlawful. *Id.* at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

   *2. Analysis*

Each of the claims asserted by Plaintiff against Defendant must be dismissed. Claims 1, 2, 4, and 5 are based on federal criminal statutes. Each of those statutes serves as a basis for the Government to file criminal charges against a person, but none of them provides that an individual may bring a civil lawsuit against another person. *See, e.g., Collins v. Palczewiski*, 841 F.Supp. 333, 340 (D. Nev. 1993) (quoting *Bass Angler Sportsman Soc. v. United States Steel Corp.*, 324 F.Supp. 412, 415 (S.D. Ala. 1971), citing *United States v. Claflin*, 97 U.S. 546 (1878); *United States v. Jourden*, 193 F. 986 (9th Cir. 1912)) ("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'").

> Only in very limited circumstances have courts found private actions maintainable under criminal statutes. Without exception, the plaintiffs have been members of the public that the statutes were specifically designed to protect. *American Post. Wkrs. U., Detroit v. Independent Post. Sys.*, 481 F.2d 90, 93 (6th Cir.1973); *see also Cort v. Ash*, 422 U.S. 66, 78-82, 95 S. Ct. 2080, 2088-90, 45 L. Ed. 2d 26 (1975) (finding that

> § 610 of the Federal Election Campaign Act of 1971 did not create a
> right in favor of the plaintiff, as a member of the general public).

*Collins*, 841 F.Supp. at 340.

With respect to Plaintiff's first claim, 18 U.S.C. § 1201 prohibits the kidnapping of another person and provides for imprisonment for a term up to life if convicted, but does not provide for private actions. Plaintiff's second claim, based on 18 U.S.C. §241, provides that two or more persons conspiring to harm or threaten a person in any United States territory, can be fined and/or imprisoned for up to 10 years, but there is no private cause of action. In claim four, Plaintiff cites a statutory section that defines "scheme or artifice to defraud," *see* 18 U.S.C. § 1346, in the context of health care fraud. *See* 18 U.S.C. § 1347. Not only is this a criminal statute that does not provide for a private cause of action, Plaintiff has not made any allegations of health care fraud by Defendant. The statute identified in claim five (18 U.S.C. § 2340A) prohibits acts of torture and provides for fines and/or imprisonment of up to 20 years (absent death) or death (if torture resulted in death of the victim). That statute does not provide for any civil remedy or cause of action. The Court also finds that Plaintiff has not alleged, nor is there reason to believe, that Plaintiff is a member of the public that any of the statutes cited were specifically designed to protect.

Plaintiff's third claim is rooted in Title VII (42 U.S.C. § 2000e(b)), which

prohibits employers from discriminating against employees (or potential employees) on a prohibited classification such as race, color, religion, sex, or national origin. Plaintiff has not alleged, and there is no reason to believe based on the allegations, that Defendant employed Plaintiff. Plaintiff also has failed to allege that she was not employed, or was terminated from Defendant's employ, based on any of the prohibited classifications of race, color, religion, sex, or national origin. For those reasons, Title VII is not relevant to Plaintiff's allegations and cannot serve as statute upon which Plaintiff can recover.

Plaintiff's sixth claim relies on Title IX of the Educational Amendments of 1972. In order to adequately plead a Title IX case, Plaintiff must allege that: (a) a recipient of federal funding discriminated against a student on a prohibited basis; (b) the recipient had notice or knowledge of the discrimination; and (c) the recipient responded to the discrimination with deliberate indifference. *See Dibbern v. Univ. of Mich.*, 2013 WL 6068808, at *7 (E.D. Mich. 2013) (citing *Gebser v. Lago Vista Ind. Sch. Dist.*, 524 U.S. 274, 290 (1989)). Plaintiff has not alleged that: (1) Defendant is a recipient of federal funding (and there is no reason to believe Defendant is federally funded); (2) Plaintiff was a student at Defendant's school; (3) Defendant had knowledge of any discrimination against Plaintiff; or (4) Defendant responded to such discrimination with deliberate indifference.

For the reasons stated above, the Court concludes that Plaintiff has failed to allege in her Amended Complaint any claim upon which relief can be granted. The Court grants Defendant's Motion to Dismiss and dismisses Plaintiff's cause of action.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 34) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's cause of action is **DISMISSED**. Judgment shall be entered separately.

IT IS SO ORDERED.

                            S/Denise Page Hood
                            Denise Page Hood
                            Chief Judge, United States District Court

Dated: December 21, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 21, 2017, by electronic and/or ordinary mail.

                            S/LaShawn R. Saulsberry
                            Case Manager